IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY CLARK,                                    No. 3:24-cv-02024-HZ

                        Plaintiff,            OPINION & ORDER

        v.

INTEL CORPORATION, a foreign business
corporation,

                        Defendant.


Joseph E. Piucci
Piucci Law
900 S.W. Thirteenth Avenue
Suite 200
Portland, OR 97205

        Attorneys for Plaintiff

Amy Edwards
Stoel Rives LLP
760 S.W. Ninth Ave.
Suite 3000
Portland, OR 97205

        Attorneys for Defendant

HERNÁNDEZ, Senior Judge:

This matter is before the Court on Defendant Intel Corporation's Motion to Dismiss, ECF 8. For the reasons that follow, the Court grants in part and denies in part Defendant's Motion.

**BACKGROUND**

The following facts are taken from the First Amended Complaint and the parties' filings related to Defendant's Motion to Dismiss.

At all relevant times Defendant contracted with Tokyo Electron America, Inc. ("TEL") to perform work at Intel's Ronler Acres campus "with regard to . . . wafer manufacturing." First Am. Compl. ("FAC") ¶ 5. TEL "leased" workers from People 2.0 Global Workforce ("People 2.0") for work at the Ronler Acres campus. Plaintiff Mary Clark was "directly employed by People 2.0 Global Workforce, working as either a temporary service provider or leased worker for TEL at the Intel Ronler Acres campus." FAC ¶ 6. Plaintiff alleges that "[f]or purposes of Oregon Employer Liability Law, TEL is considered [P]laintiff's employer." *Id.*

On November 19, 2022, Plaintiff was "working at the Intel RA-4 building as part of the wafer manufacturing process." FAC ¶ 7. Plaintiff was standing "within a structure known as a 'CMS.'" *Id.* "Within the approximately 5' long x 4' wide x 12' high CMS, there are three holes in the floor that provide access to the subfloor, normally covered by fitted aluminum covers. As plaintiff was standing within the CMS, one of the aluminum covers gave way, causing her to fall through the floor." *Id.* Plaintiff suffered "serious, permanent and disabling injuries." FAC ¶ 8.

On November 6, 2024, Plaintiff filed an action against Defendant in Multnomah County Circuit Court alleging claims for violation of Oregon Employer Liability Law, Or. Rev. Stat. §§ 654.305 and 654.310; violation of the Oregon Safe Employment Act ("OESA"); and negligence.

On December 4, 2024, Defendant removed the matter to this Court on the basis of diversity jurisdiction.

On December 11, 2024, Plaintiff filed a First Amended Complaint alleging claims for violation of Or. Rev. Stat. §§ 654.305 and 654.310, negligence per se – violation of OESA, and negligence.

On December 27, 2024, Defendant filed a Motion to Dismiss. The Court took the Motion under advisement on January 24, 2025.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "When reviewing a dismissal pursuant to Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes them "in the light most favorable to plaintiff." *Pino v. Cardone Cap., LLC,* 55 F.4th 1253, 1257 (9th Cir. 2022)(quotation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations and footnote omitted). "'Threadbare recitals of the elements of a cause of action" do not suffice to state a claim." *Pino*, 55 F.4th at 1257 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must

state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

## DISCUSSION

Defendant moves to dismiss Plaintiff's claims for violation of Or. Rev. Stat. §§ 654.305 and 654.310 and negligence in part and Plaintiff's claim for negligence per se – OSEA in its entirety.

## I.    Violation of Or. Rev. Stat. § 654.305

Oregon's Employer Liability Law ("ELL"), Or. Rev. Stat. § 654.305 to § 654.336 "imposes a heightened statutory standard of care on a person or entity who either is in charge of, or responsible for, any work involving risk or danger." *Woodbury v. CH2M Hill, Inc.*, 335 Or. 154, 159 (2003). "The ELL does not create a cause of action; an action under the ELL is 'an action for negligence with a higher standard of care.'" *Harrison v. Vale Oregon Irrigation Dist.*, No. 2:23-CV-00334-HL, 2024 WL 1343123, at *5 (D. Or. Mar. 29, 2024)(quoting *Miller v. Goodyear Tire & Rubber Co.*, 434 F. Supp. 3d 877, 882 (D. Or. 2020)(citing *Sacher v. Bohemia, Inc.*, 302 Or. 477, 481 (1987) and *Shelton v. Paris*, 199 Or. 365, 368-69 (1953)). Or. Rev. Stat. § 654.305 provides:

> Generally, all owners, contractors or subcontractors and other persons having charge of, or responsibility for, any work involving a risk or danger to the employees . . . shall use every device, care and precaution that is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices.

"ELL liability can be imposed on [an] . . . entity who . . . retains the right to control the manner or method in which the risk-producing activity was performed; or . . . actually controls the manner or method in which the risk producing activity is performed." *Woodbury*, 335 Or. at

160. *See also Harrison*, 2024 WL 1343123, at *5 (quoting *Miller v. Georgia-Pac. Corp.*, 294 Or. 750, 754 (1983)("The ELL 'can be made the basis of a claim for relief by an injured worker suing a defendant other than an employer of the worker' when 'the defendant [is] in charge of or [has] responsibility for work involving risk or danger in . . . a situation in which the defendant retains a right to control or actually exercises control as to the manner or method in which the risk-producing activity is performed.'"). "'Actual control' requires 'active, on-site participation' that demonstrates that 'defendant there actually controlled the risk-producing activity.'" *Harrison*, 2024 WL 1343123, at *5 (quoting *Yeatts Whitman v. Polygon Nw. Co.*, 360 Or. 170, 180 (2016)).

Defendant moves to dismiss Plaintiff's claim for violation of § 654.305 in part on the basis that Plaintiff failed to plead sufficient facts to establish her "actual control" theory.[1]

Plaintiff alleges she was engaged in "work involving risk or danger" because she was working in a facility "with a 'subfloor' below the floor, there were numerous openings within the floor for the purpose of accessing the subfloor which caused working on the ground-level floor to be as dangerous as working at height," and Plaintiff worked "around robots and other equipment that presented the risk of serious injury and/or death." FAC ¶ 11. In support of her actual control theory Plaintiff alleges:

> At the time of plaintiff's injury, defendant actually controlled "risk producing activity" which led to plaintiff's injury in that Intel controls every activity which occurs within its facility, including the work that injured plaintiff. It also controls all aspects of safety within its facilities, and controls the physical design of its facilities, including the area of the floor and the specific cover that failed and led to plaintiff's injury.

---

[1] Defendant does not appear to challenge the portion of Plaintiff's claim based on the right to control theory.

FAC ¶ 13. Plaintiff does not allege facts sufficient to establish "active, on-site participation" by Defendant or facts that establish Defendant controlled how Plaintiff performed her work activities. *See Yeatts Whitman*, 360 Or. at 183 n.3, n.4 ("Liability under the actual control test is only triggered if the defendant actually controls the manner or method - that is, how - the plaintiff or the plaintiff's employer performs the risk-producing activity." Allegations that the defendant "contractually required [the plaintiff's employer] to comply with OSHA fall protection requirements does not amount to the sort of active, on-site activity that would support a determination that [the defendant] actually controlled the risk-producing activity at issue.").

The Court concludes Plaintiff has not stated facts sufficient to allege a claim for violation of § 654.305 under the actual control theory. Accordingly, the Court grants Defendant's Motion to Dismiss as to this part of Plaintiff's first claim.

## II.    Violation of Or. Rev. Stat. § 654.310

Or. Rev. Stat. § 654.310 provides:

> All owners, contractors, subcontractors, or persons whatsoever, engaged in the construction, repairing, alteration, removal or painting of any building, bridge, viaduct or other structure, or in the erection or operation of any machinery, or in the manufacture, transmission and use of electricity, or in the manufacture or use of any dangerous appliance or substance, shall see that all places of employment are in compliance with every applicable order, decision, direction, standard, rule or regulation made or prescribed by the Department of Consumer and Business Services pursuant to ORS 654.001 to 654.295, 654.412 to 654.423 and 654.750 to 654.780.

Thus, "[t]o establish a § 654.310 violation, [Plaintiff] must demonstrate that [Defendant] violated an 'applicable order, decision, direction, standard, rule or regulation made or prescribed by the Department of Consumer and Business Services pursuant to ORS 654.001 to 654.295, 654.412 to 654.423 and 654.750 to 654.780.'" *Anderson v. Intel Corp.*, No. 3:20-CV-02138-AC, 2021 WL 1401492, at *10 (D. Or. Apr. 14, 2021)(quoting § 654.310).

Plaintiff alleges in her second claim that Defendant violated "one or more" of seven "rules and regulations made as prescribed by the Oregon Department of Consumer and Business Services":

> a)  In failing to ensure that plaintiff was protected from falling though a hole that is less than 4 feet above a lower level, in violation of 29 CFR § 1910.28(b)(3)(ii);
>
> b)  In failing to maintain the working surface in a safe condition, in violation of 29 CFR § 1910.22(d)(3);
>
> c)  In failing to maintain the walking-working surface free of hazards such as a defective hole cover, in violation of 29 CFR § 1910.22(a)(3);
>
> d)  In failing to inspect the walking-working surface sufficiently to discover the defective hole covering, in violation of 29 CFR § 1910.22(d)(3);
>
> e)  In failing to erect protective barriers around the hole until an adequate cover was in place, in violation of OAR 437-002-2022;
>
> f)  In failing to implement or enforce an accident prevention program and to see that all workers are instructed and supervised in the safe operation of equipment and processes, in violation of OAR 437-001-0760; and
>
> g)  In failing to see that the place of employment was inspected by a qualified person, and failed to remedy unsafe conditions found or which should have been found by such inspection, in violation of OAR 437-001-0760(7).

FAC ¶ 18.

In its Motion to Dismiss Defendant asserted the Court should dismiss all but subparagraph (a) for failure to state a claim for violation of § 654.310. In her Response Plaintiff explains that subparagraphs (b) and (d) contain "scrivener's errors" and should cite 29 C.F.R. § 1910.22(d)(1) rather than 29 CFR § 1910.22(d)(3). Plaintiff requests leave to amend those subparagraphs to state the correct regulation. Plaintiff also states that subparagraph (e) contains a

scrivener's error and should cite OAR 437-002-0022 instead of OAR 437-002-2022 and requests leave to amend that subparagraph to state the correct regulation. Plaintiff asserts subparagraphs (f) and (g) are properly pled and state a claim. In its Reply Defendant asserts that even if the Court permitted Plaintiff to amend the FAC to correct the scrivener's errors, subparagraph (e) fails to state a claim; subparagraph (f) is not supported by factual allegations; and subparagraphs (b), (d), and (g) do not establish a defined standard of care sufficient to support negligence per se.

### A.    Subparagraph 18(e)

In subparagraph 18(e) Plaintiff alleges Defendant violated § 654.310 "[i]n failing to erect protective barriers around the hole until an adequate cover was in place, in violation of OAR 437-002-2022." As noted, in her Response Plaintiff states that she cited the incorrect Oregon Administrative Rule in this subparagraph and it should have alleged that the failure to erect protective barriers around the hole violated OAR 437-002-0022(1) and (2)(a). Defendant asserts in its Reply that even with that proposed amendment subparagraph (e) fails to state a claim.

OAR 437-002-0022 provides in relevant part:

> (1) Scope and application. This rule applies in addition to those in Division 2/D Walking-Working Surfaces.
>
> (2) Barriers. The employer must ensure:
>
>> (a) Protective barriers or suitable guards are erected *when covers over openings are removed* . . . in places accessible to vehicular or pedestrian traffic. . . . These protective measures shall be maintained until permanent or adequate covers or barricades are in place or the hazard removed.

Emphasis added. Defendant contends Plaintiff's "own allegations foreclose liability based on this theory." Def. Reply, ECF 11, at 8. Defendant notes that Plaintiff alleges in the FAC that she

"was standing within the [structure] when one of the aluminum covers gave way." FAC ¶ 7. This allegation indicates that the cover was in place and had not been removed as the regulation requires. As a result, Plaintiff's request to amend subparagraph (e) would be futile based on the other allegations in the FAC. The Court, therefore, grants Defendant's Motion to Dismiss this claim to the extent that it relies on subparagraph (e) both as pled and as Plaintiff proposes to amend it.

### B.    Subparagraph 18(f)

In subparagraph 18(f) Plaintiff alleges Defendant violated § 654.310 "[i]n failing to implement or enforce an accident prevention program and to see that all workers are instructed and supervised in the safe operation of equipment and processes, in violation of OAR 437-001-0760." Plaintiff states in her Response that the employer's responsibilities set out in OAR 437-001-0760(1), (3)-(7) collectively describe an "accident prevention program or, in Intel parlance, an 'Environmental Health & Safety (EHS)' program." Plaintiff asserts that "[i]n paragraph 12, plaintiff has made numerous allegations relating to [Defendant's] EHS program" and "as such Paragraph 18(f) properly alleges that [Defendant] violated the provisions of OAR 437-001-0760 by stating that [Defendant] 'fail[ed] to implement or enforce an accident prevention program and to see that all workers are instructed and supervised in the safe operation of equipment and processes.'" Pl. Resp. at 12 (quoting FAC ¶ 18(f)).

Defendant points out that rather than establishing that it failed to implement or enforce an accident prevention program, subparagraphs (a), (c), and (f) of ¶ 12 suggest Defendant did implement and enforce an accident prevention program. For example, ¶ 12(c) alleges Defendant "[r]equir[ed] all contractors and suppliers, including plaintiff's employer, to comply with all rules set forth in [Defendant's] . . . EHS when working within its facilities,

including the RA-4 facility" and ¶ 12(f) states Defendant "[s]et[] the minimum standards for contractors' and suppliers' own EHS rules, and retain[ed] the authority to reject the EHS plan of any contractor or supplier, including that of plaintiff's employer." Defendant also notes that the remaining allegations in ¶ 12 state only that Defendant "retain[ed] the authority" or the right to monitor the safety or control of its workplace, not that Defendant failed to perform an act or requirement of OAR 437-001-0760. The Court concludes Plaintiff has not stated a claim for violation of § 654.310 based on a violation of OAR 437-001-0760. Accordingly, the Court grants Defendant's Motion to Dismiss the portion of this claim based on ¶ 18(f).

### C.    Subparagraph 18(g)

In subparagraph 18(g) Plaintiff alleges Defendant violated § 654.310 "[i]n failing to see that the place of employment was inspected by a qualified person, and failed to remedy unsafe conditions found or which should have been found by such inspection, in violation of OAR 437-001-0760(7)." OAR 437-001-0760(7) provides: "All places of employment must be inspected by a qualified person or persons as often as the type of operation or the character of the equipment requires. Defective equipment or unsafe conditions found by these inspections must be replaced or repaired or remedied promptly."

Defendant asserts Plaintiff has not stated a claim because she does not allege that an inspection took place and found any unsafe condition. The regulation does not refer to or require replacement, repair, or remedy of an unsafe condition that *should* have been found on inspection only "unsafe conditions [that were] found" on inspection, and, therefore, the regulation does not impose any obligation to remedy unsafe conditions that were not found. The Court agrees and finds that to the extent that Plaintiff relies on failure to repair a condition that should have been found Plaintiff does not state a claim.

To the extent that Plaintiff's claim relies on an alleged failure by Defendant to inspect as required by OAR 437-001-0760(7), the Court concludes that regulation's inspection requirement is insufficient to support a claim for negligence per se. "Negligence per se . . . is a shorthand descriptor for a negligence claim in which the standard of care is expressed by a statute or rule." *Moody v. Oregon Cmty. Credit Union*, 371 Or. 772, 782 (2023)(quotation omitted). "When a negligence claim otherwise exists, and a statute or rule defines the standard of care expected of a reasonably prudent person under the circumstances, a violation of that statute or rule establishes a presumption of negligence." *Id*. (quotation omitted). When a plaintiff "invokes a governmental rule in support of" the assertion that a defendant did not meet an appliable standard of care, "the question is whether the rule, though it was not itself meant to create a civil claim, nevertheless so fixes the legal standard of conduct that there is no question of due care left for a factfinder to determine." *Id*. (quotation omitted). "[I]n other words, . . . noncompliance with the rule is negligence as a matter of law." *Id.* (quotation omitted). When determining whether a rule "so fixes the legal standard of conduct that there is no question of due care" for the factfinder, the court should "consider how specific the statute is - that is, whether it provides advance warning of the specific conduct that is prohibited." *Moody*, 371 Or. at 799 (citation omitted).

Although Oregon courts have not decided whether OAR 437-001-0760(7) can establish negligence per se, they have dismissed negligence per se claims in similar circumstances. For example in *Martin v. Hannu* the plaintiffs asserted a claim for negligence per se based on the alleged failure of two semi-truck drivers to discontinue operation of their vehicles due to dangerous weather conditions in violation of 49 C.F.R. § 392.14. No. 2:21-CV-00364-HL, 2024 WL 1097625, at *3 (D. Or. Feb. 26, 2024), report and recommendation adopted

sub nom. *Martin v. Singh*, No. 2:21-CV-00364-HL, 2024 WL 1093051 (D. Or. Mar. 13, 2024).

49 C.F.R. § 392.14 provides:

> Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. *If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated.* Whenever compliance with the foregoing provisions of this rule increases hazard to passengers, the commercial motor vehicle may be operated to the nearest point at which the safety of passengers is assured.

Emphasis in *Martin*. The court concluded that "the term 'sufficiently dangerous'" in § 392.14 "does not 'so fix[ ] the legal standard of conduct' such that there is nothing left for a jury to resolve." *Id.*, at *4 (citation omitted). "[T]he requirement would, at most, require the operator to exercise reasonable care in making a determination as to whether conditions were sufficiently dangerous. It does not provide 'advance warning of the *specific conduct* that is prohibited.'" *Id.* (quoting *Moody*, 371 Or. at 799)(emphasis in *Martin*). "Thus, while the provisions of 49 C.F.R. § 392.14 are relevant to the negligence determination, they do not so fix the legal standard of conduct such that there are no issues for the jury to resolve." *Id.* (citation omitted). The court, therefore granted the defendant's motion to dismiss the plaintiffs' negligence per se claim based on § 394.14. Similarly, in *Frank v. Cascade Healthcare Cmty., Inc.*, the court held that Or. Rev. Stat. § 426.072(c)(2) did not "so fix[] the legal standard of conduct that there is no question of due care left for a factfinder to determine," and, therefore, was insufficient to support a claim for negligence per se. No. 6:11-CV-06402-AA, 2013 WL 867387, at *10 (D. Or. Mar. 6, 2013) (quotation omitted). Or. Rev. Stat. § 426.072(c)(2) provides:

> All methods of treatment, including the prescription and administration of drugs, shall be the sole responsibility of the treating physician. However, the person shall not be subject to electroshock therapy or unduly

hazardous treatment and shall receive usual and customary treatment in accordance with medical standards in the community.

The court noted that "[b]eyond stating that the treating physician shall be solely responsible for all methods of treatment in accordance with the usual and customary medical standards in the community, the statute does not explicitly outline any other duties," that "language . . . leaves the question of due care to the factfinder." *Id*.

As in *Martin* and *Frank*, the regulation here does not provide advance warning of the specific conduct that is prohibited nor does it explicitly outline duties. Rather, OAR 437-001-0760(7) provides: "All places of employment must be inspected by a qualified person or persons as often as the type of operation or the character of the equipment requires." The regulation does not set out how often inspections must occur or define "qualified person or persons." As such, it does not "so fix the legal standard of conduct such that there are no issues for the jury to resolve." The Court, therefore, concludes the inspection provision of OAR 437-001-0760(7) is insufficient to support a claim for negligence per se. Accordingly, the Court grants Defendant's Motion to Dismiss ¶18(g).

### D. Subparagraphs 18(b) and (d)

In subparagraphs 18(b) and (d) as Plaintiff seeks to amend them, Plaintiff alleges Defendant violated § 654.310 "[i]n failing to maintain the working surface in a safe condition, in violation of 29 CFR § 1910.22(d)(1)" and "[i]n failing to inspect the walking-working surface sufficiently to discover the defective hole covering, in violation of 29 CFR § 1910.22(d)(1)." 29 C.F.R. § 1910.22(d)(1) provides: "The employer must ensure: . . . Walking-working surfaces are inspected, regularly and as necessary, and maintained in a safe condition."[2]

---

[2] The Department of Consumer and Business Services has adopted by reference 29 C.F.R. § 1910.22. O.A.R. 437-002-0020(2).

Defendant moves to dismiss Plaintiff's § 654.310 claim based on these subparagraphs on the grounds that § 1910.22(d)(1) cannot establish negligence per se because it is not specific enough to "provide advance warning of the specific conduct that is prohibited," *Moody*, 371 Or. at 799. Defendant does not cite a case in which a court has held that § 1910.22(d)(1) cannot establish negligence per se, but relies on *Martin* and *Frank* to support its contention.

Like the regulation and statute at issue in *Martin* and *Frank,* § 1910.22(d)(1) does not provide advance warning of the specific conduct that is prohibited nor does it explicitly outline duties. Rather, § 1910.22(d)(1) requires an employer to "ensure: . . . Walking-working surfaces are inspected, regularly and as necessary, and maintained in a safe condition." The regulation does not define "regularly" or describe what a "safe condition" is. As such, it does not "so fix the legal standard of conduct such that there are no issues for the jury to resolve." The Court, therefore, concludes § 1910.22(d)(1) is insufficient to support a claim for negligence per se. Accordingly, the Court grants Defendant's Motion to Dismiss ¶18(b) and (d).

## III. Negligence Per SE – Violation of the OSEA

Plaintiff's third claim is for negligence per se based on the OSEA. Plaintiff alleges that Defendant was an "employer in charge of and responsible for the work involving a risk or danger to plaintiff" and "[t]he worksite at which plaintiff was working . . . was a 'place of employment' as defined in ORS 654.005(8)." FAC ¶ 22. Plaintiff alleges Defendant "failed to comply with every order, decision, direction, standard, rule, or regulation made or prescribed by the department in connection with the materials specified in ORS 654.001-654.295 and 654.750 to 654.780" and "fail[ed] to do everything necessary or proper in order to secure compliance with

and observance of every such order, decision, direction, standard, rule or regulation, as required by ORS 654.022." FAC ¶ 25.

"To establish negligence per se, plaintiff must demonstrate that: (1) defendant violated the OSEA safety regulations; (2) plaintiff was injured as a result of that violation; (3) plaintiff is a member of the class of persons meant to be protected by the statute; and (4) the injury that plaintiff suffered is "of a type that the [regulation] was meant to prevent." *George v. Myers*, 169 Or. App. 472, 478 (2000)(quotation omitted). Oregon courts have "held that, unlike the [ELL], the OSEA does not extend its coverage to indirect employers, and . . ., thus, noncompliance with the OSEA cannot be the basis for a negligence per se claim against an indirect employer." *Id.* (quotation omitted). Rather a "defendant owner is liable only if the regulation whose violation underlies the OSEA claim is one that either explicitly, or by nature, imposes obligations on owners of premises." *Brown v. Boise-Cascade Corp.*, 150 Or. App. 391, 408 (1997). When an OSEA regulation refers only to obligations of "employers," it "cannot support the imposition of negligence per se liability against defendant *qua* owner." *George*, 169 Or. App. at 485. *See also Brown*, 150 Or. App. at 409 ("Plaintiff's 'inadequate [safety] instruction' specification was deficient as a matter of law [to make out a claim for negligence per se]. OAR 437–03–C–1926.21(b)(2), by its terms, applies only to employers. Owners have no responsibility under that provision.").

None of the regulations that Plaintiff relies on in support of her OSEA negligence per se claim impose obligations on owners. Specifically, 29 C.F.R. § 1910.22, 29 C.F.R. § 1910.28, and O.A.R. 437-002-0022 impose obligations only on employers and O.A.R. 437-001-0760 imposes obligations on employers and employees. Plaintiff, therefore, has not alleged any regulation that

supports the imposition of negligence per se under the OSEA on Defendant as owner.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's third claim.

## IV.    Negligence

To state a claim for negligence under Oregon common law, "a plaintiff must allege that the defendant's conduct 'created a foreseeable and unreasonable risk of legally cognizable harm to the plaintiff and that the conduct in fact caused that kind of harm to the plaintiff.'" *Martin, 2024 WL 1097625, at \*2* (quoting *Sloan ex rel. Est. of Sloan v. Providence Health Sys. Or.*, 364 Or. 635, 642 (2019); *Stewart v. Jefferson Plywood Co*., 255 Or 603, 609 (1970)(under Oregon law, an actor is negligent if he "ought reasonably to foresee that he will expose another to an unreasonable risk of harm")).

In her fourth claim Plaintiff alleges "Defendant was negligent as alleged in paragraph 14 above. As a foreseeable result of defendant's negligence, plaintiff suffered the injuries alleged." FAC ¶¶ 27-28. In paragraph 14 Plaintiff alleges Defendant was negligent "in one or more of the following particulars":

a) In failing to ensure that all hole covers were manufactured to the appropriate specifications such that they would prevent a person from falling through the hole;

b) In failing to ensure that all hole covers were installed properly;

c) In failing to adequately inspect the walking-working surfaces within the RA-4 building;

d) In failing to appropriately supervise its subcontractors and suppliers within its facility;

e) In failing to provide training to ensure that employees – both of Intel and outside contractors – acquired the knowledge and skills required for the safe entry of a "CMS";

f) In failing to enforce its own safety policies;

g) In failing to see that the site was inspected by a qualified inspector; and

h) In failing to remedy deficiencies or unsafe conditions which would be found by such an inspection.

Defendant moves to dismiss Plaintiff's negligence claim in part on the basis that the allegations in subparagraphs (a) and (d) through (f) are conclusory and provide no factual support. Specifically, Defendant notes Plaintiff does not allege any facts showing that Defendant did not appropriately supervise subcontractors and suppliers or how that alleged failure caused Plaintiff's injury, does not allege facts regarding what particular "knowledge and skills" employees would have been required for safe entry into the CMS, or allege any safety policy that Defendant failed to enforce that caused Plaintiff's injury. The Court agrees that Plaintiff has failed to allege facts sufficient to state a claim for negligence with respect to subparagraphs (d) through (f).

The Court, however, concludes Plaintiff's allegation contained in subparagraph (a) is sufficient to state a claim for negligence. Defendant asserts these allegations are insufficient because Plaintiff does not allege that Defendant "manufactured, directed the manufacture of the hole covers, or otherwise had any authority to change their specifications." Def. Mot. to Dismiss, ECF 8, at 6. Plaintiff, however, alleges Defendant owned the RA-4 building in which Plaintiff was working and that one of the hole covers "gave way, causing her to fall through the floor." These allegations together with the allegation that Defendant did not ensure that the hole covers were manufactured to appropriate specifications states a claim for negligence. Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's negligence claim as to the allegations in ¶ 14(d) – (f) and denies Defendant's Motion as to the allegations in ¶ 14(a).

## V.    Leave to Amend

A district court should provide leave to amend upon granting a motion to dismiss unless it is clear that the complaint could not be saved by any amendment. *See Mueller v. Auker*, 700 F.3d 1180, 1191 (9th Cir. 2012)(*citing Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *Cal. Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1987). *See also Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015)(leave to amend is properly denied if the proposed amendment lacks merit or would be futile in saving plaintiff's suit); *Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

The Court grants Plaintiff leave to amend her FAC to the extent that Plaintiff can cure the deficiencies set out in this Opinion and Order as follows:

(1)    Plaintiff's actual control theory supporting her first claim,

(2)    subparagraphs 18(e) and (f) of Plaintiff's second claim for violation of § 654.310,

(3)    subparagraph (g) to the extent that Plaintiff relies on the failure to remedy a defect that was found on inspection.

(4)    Plaintiff's her third claim for violation of the OSEA, and

(5)    Plaintiff's fourth claim for negligence.

The Court denies Plaintiff leave to amend subparagraphs 18 (b) and (d) of her second claim and subparagraph 18(g) to the extent Plaintiff relies on the failure to inspect.

**CONCLUSION**

The Court GRANTS IN PART and DENIES IN PART Defendant Intel Corporation's

Motion to Dismiss, ECF 8, with leave to file a second amended complaint as set out herein

no later than 30 days from the date of this Opinion and Order.

IT IS SO ORDERED.


DATED: _____March 27, 2025_____.


_____
MARCO A. HERNÁNDEZ
United States Senior District Judge